UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

CIVIL ACTION NO. 3:13-CV-352-H

MARK C. MUELLER and
THOMAS W. MUELLER                                                                PLAINTIFFS

V.

CHRISTOPHER A. HEATH and
FREDERICK J. MAURICE                                                              DEFENDANTS

**MEMORANDUM OPINION AND ORDER**

Defendants, Christopher Heath and Frederick Maurice, move to dismiss the single count complaint filed by Plaintiffs, Mark Mueller and Thomas Mueller. In their complaint, Plaintiffs allege that Defendants fraudulently induced them into furnishing $500,000 to Defendants for the purpose of purchasing the assets of a security alarm business. Plaintiffs further contend that by failing to apply those funds to the investment or to return those funds to Plaintiffs, Defendants breached their contract with Plaintiffs. Defendants now move to dismiss the complaint on several grounds. For the following reasons, the Court will grant Defendants' motion.

I.

The facts as alleged in the complaint and recited in briefs and affidavits attached thereto are unclear at best. Heath is a citizen of Indiana, Maurice is a citizen of California, and Plaintiffs are citizens of Kentucky. Plaintiffs argue that Defendants tendered a PowerPoint presentation to some people at some point regarding the investment in the Colorado security alarm business at issue. Aside from this statement, Plaintiffs have not identified the mechanism by which Defendants actually prompted Plaintiffs to invest in this company. Heath's brother-in-law,

Jimmy Roth, a Kentuckian, engaged in a series of email correspondence with Heath posing and answering financial questions about a number of business entities. How these emails relate to Plaintiffs, and to the specific investment at issue, is entirely uncertain from the record.

Moreover, it is unclear whether and to what extent Defendants made misrepresentations inducing the investment. In fact, the Court can glean little about this case other than that the dispute may involve the capitalization of Mountain Acquisition Company, LLC through the purchase of the security assets from Integrated Alarm Systems, and that Mark and Thomas Mueller evidently transferred a certain amount of money to Monticello Capital, located in California. *See* ECF Nos. 11-5, 11-6. Based on these facts, the Court must proceed to evaluate Defendants' motion to dismiss.

## II.

Defendants move to dismiss on the grounds that this Court lacks personal jurisdiction over them. Plaintiffs, the parties asserting personal jurisdiction, bear the burden of demonstrating that jurisdiction exists. *See Serras v. First Tenn. Bank Nat'l Ass'n*, 875 F.2d 1212, 1214 (6th Cir. 1989).

As stated by one court:

> A Rule 12(b)(2) motion, such as the motion made by the defendants here, is inherently a matter which requires resolution of factual issues outside the pleadings, i.e. whether in personam jurisdiction actually lies. Once the defense has been raised, then the plaintiff must sustain its burden of proof in establishing jurisdictional facts through sworn affidavits or other competent evidence. . . . Once the motion is made, plaintiff must respond with actual proofs, not mere allegations.

*Morrison v. Taurus Int'l Co., Ltd.*, 2012 WL 5493962, *1 (S.D. Ohio Nov. 13, 2012) (quoting *Patterson by Patterson v. Fed. Bureau of Investigation*, 893 F.2d 595, 603-04 (3d Cir. 1990)).

In assessing this motion, the Court may 1) rule on the motion on the basis of affidavits; 2) permit discovery on the motion; or 3) hold an evidentiary hearing on the motion. *Dean v. Motel*

2

*6 Operating L.P.*, 134 F.3d 1269, 1272 (6th Cir. 1998). This decision is within the Court's discretion. *Theunissen v. Matthews*, 935 F.2d 1454, 1458 (6th Cir. 1991). The Court will proceed on the first mechanism. Neither party has requested to take discovery on the issue. The record aptly demonstrates Plaintiffs' inability to establish personal jurisdiction. *Accord Booth v. Verity, Inc.*, 124 F. Supp. 2d 452, 457-58 (W.D. Ky. 2000) (citing *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981) for the proposition that "[w]here there is no reasonable basis to expect that further discovery would reveal contacts sufficient to support personal jurisdiction, it is not an abuse of discretion to deny discovery"). For the same reasons, an evidentiary hearing is neither necessary nor prudent at this stage. Because this Court has held no evidentiary hearing on the motion, Plaintiffs need only make a prima facie showing of jurisdiction to overcome Defendants' motion. *Third Nat'l Bank in Nashville v. WEDGE Grp., Inc.*, 882 F.2d 1087, 1089 (6th Cir. 1989).

### III.

"Personal jurisdiction over an out-of-state defendant arises from 'certain minimum contacts with'" the forum state, such that jurisdiction over the case complies with federal due process rights. *Air Prods. & Controls, Inc. v. Safetech Int'l, Inc.*, 503 F.3d 544, 549 (6th Cir. 2007) (quoting *Int'l Shoe Co. v. Washington*, 326 U.S. 310, 316 (1945)). "Depending on the type of minimum contacts in a case, personal jurisdiction can either be specific or general." *Id.* at 549-50. Defendants argue that Plaintiffs lack both.

To obtain general jurisdiction, "a defendant's contacts with the forum state [must be] of such a 'continuous and systematic' nature that the state may exercise personal jurisdiction over the defendant even if the action is unrelated to the defendant's contacts with the state." *Third Nat'l Bank in Nashville*, 882 at 1089. Plaintiffs have failed to demonstrate that Defendants

maintain continued or systematic contacts with the state of Kentucky. Indeed, Plaintiffs make no argument to this effect. Defendants reside outside of Kentucky; they maintain residences, employment, and most other integral contacts in states other than Kentucky. Heath claims to have only visited Kentucky incidentally, and for no more than two consecutive days. ECF No. 8-2. Maurice contends that he also has only visited the state incidentally in recent years. ECF No. 8-5. Accordingly, the Court does not maintain general jurisdiction over Defendants.

IV.

To sustain specific jurisdiction, "the claims in the case [must] arise from or [] relate[] to the defendant's contacts with the forum state." *Intera Corp. v. Henderson*, 428 F.3d 605, 615 (6th Cir. 2005). The Sixth Circuit developed a two-pronged inquiry to determine whether "personal jurisdiction over a defendant exists[:] 'if the defendant is amenable to service of process under the forum state's long-arm statute and if the exercise of personal jurisdiction would not deny the defendant due process.'" *Bird v. Parsons*, 289 F.3d 865, 871 (6th Cir. 2002) (quoting *Mich. Coal. of Radioactive Material Users, Inc. v. Griepentrog*, 954 F.2d 1174, 1176 (6th Cir. 1992)); *see Gerber v. Riordan*, 649 F.3d 514, 517 (6th Cir. 2011) (applying the same to a diversity case).

A.

Kentucky's long arm statute has been interpreted to reach the limits of federal due process, so the relevant inquiry is whether Defendants fall within the statute. *Spectrum Scan, LLC v. AGM Cal.*, 519 F. Supp. 2d 655, 657 (W.D. Ky. 2007). Plaintiffs must first show that Defendants' contacts with Kentucky or conduct in Kentucky comports with one of the nine enumerated categories of the long-arm statute. Then, Plaintiffs "must also show that his claim is one that arises from the conduct or activities described in the subsection." *Caesars Riverboat*

*Casino, LLC v. Beach*, 336 S.W.3d 51, 55 (Ky. 2011); *accord Thompson v. Koko*, 2012 WL 374054, *2 (W.D. Ky. Feb. 3, 2012).

In relevant part, Kentucky's long-arm statute provides personal jurisdiction

> over a person who acts directly or by an agent, as to a claim arising from the person's:
>
> 1. Transacting any business in this Commonwealth; . . .
>
> 3. Causing tortious injury by an act or omission in this Commonwealth; [and]
>
> 4. Causing tortious injury in this Commonwealth by an act or omission outside this Commonwealth if he regularly does or solicits business, or engages in any other persistent course of conduct, or derives substantial revenue from goods used or consumed or services rendered in this Commonwealth, provided that the tortious injury occurring in this Commonwealth arises out of the doing or soliciting of business or a persistent course of conduct or derivation of substantial revenue within the Commonwealth;

KY. REV. STAT. ANN. § 454.210(2)(a).

Plaintiffs first argue Defendants' conduct falls within the first enumerated category of specific personal jurisdiction. Evident from the pleadings, Defendants in fact did not transact business in Kentucky. Plaintiffs and Roth, a non-party, may have wired funds from Kentucky and suffered injury in Kentucky, but Plaintiffs do not actually allege that Defendants transacted business in the Commonwealth, as transacting business is defined in Kentucky law. *See Ford v. RDI/Caesars Riverboat Casino, LLC*, 503 F. Supp. 2d 839, 844 (W.D. Ky. 2007) (holding that the defendant transacted business in Kentucky where half of its customers resided in Kentucky, it derived substantial revenues from Kentucky residents, and it advertised, sponsored events, and made charitable contributions in Kentucky); *Am. Trade Alliance, Inc. v. S. Cross Trading*, 2011 WL 112439, *2 (Ky. Ct. App. Jan. 14, 2011) (holding that defendant transacted business in Kentucky where it shipped goods and promoted sales in Kentucky). Accordingly, Defendants' conduct does not fall within this enumerated category of personal jurisdiction.

Similarly, Defendants' conduct could not be said to have caused tortious injury in Kentucky by an act or omission in this Commonwealth, as Plaintiffs provide no reasonable argument or specific allegation that Defendants acted at all in Kentucky, let alone in a tortious manner. Rather, all indications in the pleadings lead to the conclusion that the conduct complained of occurred in Defendants' states of residency, if at all.

Finally, Plaintiffs fail to show that Defendants caused their tortious injury in Kentucky by acts or omissions outside the state within the strictures outlined in the statute. Plaintiffs have not established that Defendants solicited business, engaged in persistent conduct, or derived substantial revenue from goods used or consumed or services rendered in Kentucky; accordingly, Plaintiffs' injuries could not have arisen from Defendants' business, fruits thereof, or other persistent conduct in the Commonwealth.

In sum, Defendants' conduct, as alleged, does not fall within the Kentucky long-arm statute. Moreover, Plaintiffs failed to establish that their injuries arise from the conduct enumerated in the statute's recognized categories. Therefore, Plaintiffs have failed to show that this Court exercises personal jurisdiction over this case.

B.

Although the Court's analysis could end here, the Court also finds that exercising personal jurisdiction over these Defendants would violate due process rights. To satisfy due process, Plaintiffs must "establish with reasonable particularity sufficient 'minimum contacts' with [Kentucky] so that the exercise of jurisdiction over [Defendants] would not offend 'traditional notions of fair play and substantial justice.'" *Neogen Corp. v. Neo Gen Screening, Inc.*, 282 F.3d 883, 889 (6th Cir. 2002) (quoting *Int'l Shoe, Co. v. Washington*, 326 U.S. 310,

316 (1945)). The Sixth Circuit "has distilled the[] due process requirements into a three-part test." *Id.*

> First, the defendant must purposefully avail himself of the privilege of acting in the forum state or causing a consequence in the forum state. Second, the cause of action must arise from the defendant's activities there. Finally, the acts of the defendant or consequences caused by the defendant must have a substantial enough connection with the forum state to make the exercise of jurisdiction over the defendant reasonable.

*Id.* (quoting *S. Mach Co. v. Mohasco Indus., Inc.*, 401 F.2d 374, 381 (6th Cir. 1968)). Defendants contend that Plaintiffs have not proven any of these elements. The Court finds that Plaintiffs cannot satisfy the first two elements, and given such deficiencies, will not address the third.

"[T]he purposeful availment requirement ensures that the defendant's actions create a 'substantial connection' to the forum state, such that the defendant 'should reasonably anticipate being haled into court there.'" *Cmty. Trust Bancorp, Inc. v. Cmty. Trust Fin. Corp.*, 692 F.3d 469, 472-73 (6th Cir. 2012) (quoting *Neogen Corp.*, 282 F.3d at 889). "The 'purposeful availment' requirement is satisfied when the defendant's contacts with the forum state 'proximately result from actions by the defendant *himself* that create a "substantial connection" with the forum state.'" *CompuServe Inc. v. Patterson*, 89 F.3d 1257, 1264 (6th Cir. 1996) (quoting *Burger King Corp. v. Rudzewicz*, 471 U.S. 462, 474-75 (1985)).

Plaintiffs provide the following evidence to establish purposeful availment: Defendants' PowerPoint presentation used to solicit investments; Plaintiffs' investments made from Kentucky, based on that presentation; Defendants' knowledge that Plaintiffs were making such investments from Kentucky; an e-mail from Roth, a Kentucky resident and non-party, to Defendants confirming the transfers of funds from investors; Roth's investments made with Defendants from Kentucky; and Defendants' participation in another deal with Roth concerning

7

a Kentucky limited liability company, Shuttlease, LLC. Assuming these allegations are true, none of the allegations amount to purposeful availment. That Defendants delivered a PowerPoint presentation at an unclear time and location and upon which Plaintiffs allegedly relied cannot amount to a purposeful contact, because neither of these allegations necessarily concern Kentucky. Plaintiffs' business activity in Kentucky and Defendants' awareness of such conduct do not constitute purposeful availment, because Defendants did not themselves create the connection. The same reasoning forbids consideration of Roth's business in Kentucky related to Defendants as purposeful availment.

The only allegation tending to show purposeful availment is Defendants' involvement with a Kentucky limited liability corporation. Plaintiffs state that Shuttlease held meetings in Kentucky and that its mailing address and principal office were located in Kentucky, facts which of themselves do not relate to Defendants' purposeful availment. Moreover, Plaintiffs fail to allege the extent of Defendants' involvement with this company. Plaintiffs simply claim that Roth stated that he "participated in" the deal with Defendants at issue, and that Maurice kept the books for the company in California, where checks were mailed to him.[1] Defendants contest this, and further claim that Shuttlease was dissolved in 2009 and has since remained inactive, so actions concerning Shuttlease cannot be a basis for personal jurisdiction in this current litigation. Maurice's accounting responsibilities, if they existed, necessarily ended years ago. Accordingly, Defendants' nebulous "participation in" Shuttlease, if true, does not amount to purposeful availment.

---

[1] Roth submitted as an exhibit to his affidavit the printout from the Secretary of State for Shuttlease. ECF No. 11-10. The only people named on the printout are John Hampton as the Registered Agent and James Roth as the member. Accordingly, Roth, by his own affidavit and attachments thereto, cannot provide support for his contentions that Defendants were involved in Shuttlease.

Even if the Court ruled differently on the purposeful availment prong, Plaintiffs have failed to establish the second element of the personal jurisdiction test. Plaintiffs' causes of action for breach of contract and fraud must arise from Defendants' activities in Kentucky. As stated above, Defendants performed no activities in Kentucky relating to Plaintiffs' claims. According to Plaintiffs, the only activities taking place in Kentucky were Plaintiffs' wiring of funds and Plaintiffs' alleged injuries. Plaintiffs do not allege that Defendants acted in Kentucky, except to say that Defendants solicited investments from Kentucky residents. However, Plaintiffs fail to claim how frequently or allege in what manner Defendants performed the solicitation. Unlike in *Purdue Pharma L.P. v. Impax Labs., Inc.*, 2003 WL 22070549 (S.D.N.Y. Sept. 4, 2003), where the defendant solicited business in the forum state through advertising in trade catalogues and journals, mailing product brochures to customers in the forum state, making sales calls to forum state residents, and operating a website that solicited business nationally and internationally, Plaintiffs cannot point to a single method of solicitation implicating conduct within Kentucky. Accordingly, Plaintiffs fail to establish this prong as well.

In sum, the Court's exercise of personal jurisdiction over this case does not comply with Kentucky's long-arm statute and would violate federal due process requirements.

Being otherwise sufficiently advised,

IT IS HEREBY ORDERED that Defendants' motion to dismiss for lack of personal jurisdiction is SUSTAINED, and Plaintiffs' complaint is DISMISSED WITHOUT PREJUDICE.

This is a final order.

cc: Counsel of Record